(No. 20999.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY BRUNO, Plaintiff in Error.

*Opinion filed December 17, 1931.*

ORR, J., dissenting.

JOHN LAUX, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on writ of error to review a judgment of the criminal court of Cook county dismissing a petition of plaintiff in error, Tony Bruno, in the nature of a writ of error *coram nobis.*

On the 24th of August, 1930, the grand jury of Cook county returned an indictment in the criminal court of Cook county charging that on the 24th of August, 1930, plaintiff in error, being armed with a pistol, put Mark Chester in bodily fear and by the use of force and intimidation took from him 200 cartons of cigarettes which were the property of the United Cigar Stores of America. Plaintiff in error entered a plea of not guilty to the indictment, waived a trial by jury, and as the result of a trial by the court was on February 20, 1931, found guilty and sentenced to the penitentiary for a term of from one year to life, his age being found to be sixteen years. On February 27, 1931, this sentence was vacated by the criminal court and plaintiff in error sentenced to the Illinois State Reformatory at Pontiac for a like term. At a subsequent term of the criminal court plaintiff in error presented to that court a petition and motion in the nature of a writ of error *coram nobis,* praying that the judgment of conviction be set aside upon two grounds, the first being that on April 25, 1927, plaintiff in error was by the circuit court of Cook county, acting as a juvenile court, adjudged a delinquent child under the provisions of "An act relating to children who are now or may hereafter become dependent, neglected or delinquent, to define these terms, and to provide for the treatment, control, maintenance, adoption and guardianship of the persons of such children," (Smith's Stat. 1929, p. 301,) and committed to the St. Charles School for Boys until he arrived at the age of twenty-one unless sooner discharged by law; that in its order the juvenile court provided: "And the court hereby retains jurisdiction of this cause for the purpose of

making such further or other orders herein for the welfare of said child as may from time to time be found to be in accordance with equity and in accordance with the statute in such case made and provided;" that he has not been discharged by law under the decree of the juvenile court and that such decree is still in force and effect; that the juvenile court had not at the time of the trial of defendant's case in the criminal court, nor has it at any time since, dismissed the petition in the juvenile case; that it had not at the time of defendant's case in the criminal court, nor has it at any time since, waived its jurisdiction over the person of defendant, nor has it consented that the criminal court take jurisdiction of defendant or prosecute him for the charge of crime set out in the indictment in the criminal case or on any other charge; that in the absence of such waiver and failure of such consent the juvenile court had, and it has now, the sole and exclusive jurisdiction over defendant according to the statute in such case made and provided; that these facts were not brought to the attention of the court when defendant was tried, convicted and sentenced; that they were unknown to the court at that time; that in this state of facts it was error for the criminal court to attempt to take jurisdiction of the person of defendant herein; that the indictment herein, and all orders entered subsequent thereto pursuant to the assumption of jurisdiction by the criminal court, are erroneous and void. The other ground set up in the petition was, that defendant was not present at or near the place where the robbery charged in this case was committed; that the robbery was committed at Roosevelt road and Western avenue, in Chicago; that it took place at two o'clock in the afternoon of August 24 in the year 1930; that at such time defendant was present at another place far removed from the place of such robbery, namely, at 3125 Flournoy avenue, Chicago; that he was there for some hours prior to the time of the robbery charged and for some hours thereafter; that affi-

davits of witnesses to that effect, in whose presence defendant was, are attached to the petition and made a part thereof; that this defense was not presented to the court at the time of the trial and no evidence presented in support thereof; that his failure to present this defense, and the evidence to support it, was due to an error of judgment on his part; that he is of immature years, namely, of the age of sixteen years on the 16th day of June, 1930; that on account of such immaturity he failed to appreciate and present this affirmative defense to the charges against him; that had such facts been presented to the court at the time of the trial a judgment finding him not guilty of the crime charged against him would have been entered therein. The State's attorney demurred to the petition. The demurrer was sustained and the petition dismissed.

As to the first point, plaintiff in error urges that "the criminal court has no jurisdiction to prosecute a delinquent under seventeen years of age who is a ward of the juvenile court, without permission of the juvenile court, by reason of the Delinquency act," and that where the fact of such delinquency was not brought to the notice of the court on the trial the judgment of conviction will be set aside on petition or motion in the nature of a writ of error *coram nobis.*

While the writ of error *coram nobis* has been abolished, the same errors which at the common law could have been corrected by that writ may now be corrected under section 89 of the Practice act, upon motion in writing, by the court in which the error was committed. The office of the writ of *coram nobis* was to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case but which, without negligence on the part of the de-

fendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned. (*People* v. *Noonan*, 276 Ill. 430.) The motion, however, is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. (*Jacobson* v. *Ashkinaze*, 337 Ill. 141.) The motion under section 89 is an appropriate remedy in criminal cases to set aside a conviction if obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial, and which, if known to the court, would have prevented a conviction. (*People* v. *Moran*, 342 Ill. 478; *People* v. *Crooks*, 326 id. 266.) While the motion provided for in section 89 of the Practice act to correct errors of fact may be availed of by a party who without fault or negligence has been prevented from making a defense, yet the motion is not intended to relieve a party from the consequences of his own negligence. (*McCord* v. *Briggs & Turivas*, 338 Ill. 158; *Cramer* v. *Commercial Men's Ass'n*, 260 id. 516.) All of the facts stated as grounds for relief in plaintiff in error's petition or motion were facts which were known to him at the time of his trial in the criminal court on the charge of robbery and they were not brought to the attention of the court by reason of his negligence. Plaintiff in error, therefore, could not obtain this relief by his petition or motion under section 89 of the Practice act, and the criminal court properly sustained the demurrer filed by the State's attorney to the petition.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*

Mr. JUSTICE ORR, dissenting.