(No. 24198

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH OGBIN, Plaintiff in Error.

*Opinion filed February 16, 1938.*

R. N. Patterson, Merrill F. Wehmhoff, and John P. Snigg, for plaintiff in error.

Otto Kerner, Attorney General, William P. Roberts, State's Attorney, and A. B. Dennis, (Frank R. Sullivan, and John W. Curran, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

Kenneth Ogbin was indicted in the circuit court of Sangamon county for the crime of robbery while armed. He was tried by a jury, convicted, and sentenced to imprisonment in the penitentiary. Before judgment was entered, a motion to set aside the verdict and for a new trial was filed, which motion was denied on February 20, 1937. On April 19, 1937, the defendant filed his motion to set aside the judgment and sentence and to grant a new trial. The motion alleged, in substance, that the defendant did not commit the crime alleged in the indictment and of which he was convicted; that at the time of the commission of the crime, and for more than twenty hours prior thereto and for more than fourteen hours subsequent thereto, he was incarcerated in the common jail of Springfield, Illinois, and for that reason it was impossible for him to have committed or participated in the commission of the crime; that such matters of defense were not presented to the trial court at the time of the trial of said cause; that no evidence of any kind was presented in support thereof and that the failure of the defendant to present such matters was not due to any negligence or lack of diligence on his part, and

that had such facts been presented to the court at the time of the trial of said cause a judgment finding the defendant not guilty of the crime would have been entered therein. Accompanying the motion were supporting affidavits of the defendant, the record clerk of the city police station of Springfield, the prison keeper of the city prison of Springfield, and the official court reporter of the circuit court of Sangamon county. Subsequently, on leave granted, the defendant filed a supplemental affidavit. On hearing, said motion was denied. The cause is brought here by the defendant for review on writ of error.

The defendant contends that the trial court erred in denying his motion to set aside the judgment and conviction and to grant a new trial. The motion was filed under section 72 of the Civil Practice act which provides: "The writ of error *coram nobis* is hereby abolished and all errors of fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice," etc.

Although the writ of error *coram nobis* has been abolished, the same errors which, at the common law, could have been corrected by that writ may now be corrected under section 72 of the Civil Practice act, upon motion in writing, by the court in which the error was committed. The function of the writ of error *coram nobis* was to bring the attention of the court to and obtain relief from errors of fact such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity at the time of the trial; or a valid defense existing in the facts of the case but which, without negligence on the part of the defendant, was not made, either through duress or fraud

or excusable mistake, these facts not appearing on the face of the record and being such as, if known in time, would have prevented the rendition and entry of the judgment. (*People* v. *Bruno,* 346 Ill. 449.) It is an appropriate remedy in criminal cases to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial, and which, if known to the court, would have prevented a conviction. *People* v. *Moran,* 342 Ill. 478; *People* v. *Crooks,* 326 id. 266.

The motion, however, is not intended to relieve a party from the consequences of his own negligence. (*People* v. *Bruno, supra.*) From the affidavits filed in support of this motion it appears that the defendant knew of the alibi evidence at the time of trial. He and his attorney determined that proof of the alleged alibi was not necessary for his defense. The defendant was a witness in his own behalf and had the opportunity to make the defense if he so desired. Instead, the defendant and his counsel chose not to present the matter on the trial of the case. In *People* v. *Bruno, supra,* this court held that the failure of the defendant to present an alibi defense which was known to him at the time of trial was negligence. In that case the defendant claimed that his failure to present evidence of an alibi was due to an error of judgment on his part. In the case of *People* v. *Williams,* 242 Ill. 197, this court held that the defendant's failure to present evidence of an alibi because he had been unable to remember where he was at the time of the commission of the offense, was insufficient to sustain a motion for a new trial. In *People* v. *Drysch,* 311 Ill. 342, a motion to vacate, in the nature of a writ of error *coram nobis,* for alleged false testimony at the trial, was held to have been properly denied.

All of the facts stated as grounds for relief in defendant's motion were facts which were known to him at the

time of his trial. They were not brought to the attention of the court by reason of his own negligence. Defendant, therefore, was not entitled to the relief sought and the trial court properly denied the motion.

The judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*