(No. 26952.—Judgment affirmed.)

ARTHUR JOHNSTON, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

A. BRADLEY EBEN, and JULIUS REZNIK, for appellant.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Arthur Johnston, appellant, on March 21, 1942, was convicted of the crime of receiving stolen property on a trial before a jury in the criminal court of Cook county, and sentenced to confinement in the penitentiary. June 15, 1942, he served notice upon the State's Attorney of Cook county that a motion and petition in the nature of a writ of error *coram nobis* would be filed in said case for the purpose of recalling, annulling and setting aside the judgment of conviction entered against appellant.

The petition alleged an indictment was returned against appellant and three other men, *viz.,* Phillip Goldberg, Ralph Guralnick and Morris Poznansky, charging they made an assault upon one Leonard Fisher and robbed him of five fur coats, four coats, two fur muffs, one fur jacket, one fur scarf and other personal property; that a severance was granted and appellant tried separately, and upon said trial said three codefendants testified they had sold said stolen property to said Johnston.

The petitioner further alleged that May 5, 1942, the premises of Morris Poznansky were searched and a part of said stolen property found in his bedroom closet, *viz.,* three of the furs stolen from Fisher, and that such fact is conclusive proof the petitioner could not have purchased or received said stolen goods from Poznansky or his confederates; and that failure to bring said matters to the attention of the court was not due to any default or negligence upon the part of the petitioner; and that he is therefore entitled to have said judgment of conviction annulled and vacated and set aside.

The People were ruled to answer the petition, and set forth the trial and conviction of the petitioner in the circuit court. They also show the finding of said stolen goods in the residence of Morris Poznansky was in pursuance of an anonymous telephone call, and that a full hearing of said matter was had in open court to determine whether the probation granted Morris Poznansky should be set aside, and upon said hearing the court determined that there was no violation of the probation, because there was evidence tending to show the furs had been planted or placed in the residence of Poznansky without his knowledge.

The answer also denied the property specified in the indictment was continuously in the possession of Poznansky and his confederates, and that the finding of the jury that petitioner was guilty of receiving the goods mentioned in the indictment was *res judicata* of that fact; the answer further stated the evidence set out in the petition was not ground for a writ of error *coram nobis,* since it referred to matters and facts growing out of the merits of the case, which was tried by the court and jury, which court had jurisdiction of the matter, and raised a further point that the petition does not seek to correct errors of fact but to review the evidence, together with alleged new evidence, which may be done only by writ of error. The petitioner demanded a trial by jury, which was refused by the court, and, upon hearing, the petition of appellant was denied.

The proper function of a writ of error *coram nobis* is to bring to the attention of the court errors of fact, such as death of either party pending the suit, or infancy where there was no guardian, or insanity, or a valid defense existing in fact which, without negligence upon the part of the defendant and either through duress, fraud or excusable mistake, was not made and was of such character that, if known at the time, would have prevented the rendition and entry of the judgment. *People* v. *Thon,* 374 Ill. 624; *People* v. *Ogbin,* 368 Ill. 173.

It is also equally settled that a writ of error *coram nobis* does not permit a review of all of the matters arising in the record of the trial, but it only reaches such facts as constitute a basis of a *coram nobis* proceeding. (*People* v. *Drysch,* 311 Ill. 342.) Tested by these rules it will be seen the petition and proof of appellant fall far short of the requirements of a *coram nobis* proceeding. He was tried and convicted of receiving a number of furs from three separate persons, including Poznansky. The furs found in the residence of Poznansky constituted only a part of the stolen property. Assuming such furs had remained in the possession of Poznansky continuously from the time of the robbery, the evidence does not show the other furs stolen and claimed to have been delivered by the other two codefendants, Goldberg and Guralnick, were not delivered to and received by appellant.

In order for the writ of error *coram nobis* to be effective the proof must be such that the judgment would not have been entered had such new facts been known at the time of the trial. This cannot be said to be true, because the balance of the stolen property is not shown to have been in the possession of someone other than petitioner, and hence it is not necessarily true the judgment would not have been the same, even if the facts set forth in the petition were established as true.

The judgment of the court dismissed appellant's motion and petition and thereby denied the issuance of the writ of error *coram nobis.* Upon this issue the appellant was not entitled to a trial by jury, as it was a question for the court as to whether the matter set forth in the petition was sufficient to award the writ, either upon a motion to strike or upon answer. The granting of the writ of *coram nobis* is dependent upon the judgment of the court as to whether the matters adduced by the petitioner are sufficient, if true,

to have changed or to have prevented the court's decision upon the trial. The facts adduced would not necessarily have produced this result, and therefore the court, as a matter of law, properly dismissed appellant's motion and petition.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*