(No. 29957.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EMIL GLEITSMAN, Appellant.

*Opinion filed March 19, 1947.*

EMIL GLEITSMAN, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant, Emil Gleitsman, filed in the criminal court of Cook county a petition for writ of error *coram nobis* to obtain the setting aside of a conviction for the crime of murder by abortion. The petition was denied by the court, and it is in this court on appeal.

It is unnecessary to set forth all of the facts alleged in said petition, because substantially all of them appear in the opinion of this court in *People* v. *Gleitsmann,* 384 Ill. 303. His contentions therefore will be set forth briefly. He claims that he was represented by unskillful and ignorant counsel; that certain false testimony was given upon his original trial; that certain exhibits which would have been beneficial to him upon trial were taken unlawfully by appellee, and retained; that the facts did not justify his conviction, and that his constitutional rights were violated because he was not allowed to appear in court by a layman, instead of a lawyer duly admitted to practice.

The function of a *coram nobis* proceeding is "to bring to the attention of the court and to obtain relief upon errors of fact, such as death of either party pending the suit, or infancy, where there was no guardian, or coverture, or insanity, or a valid defense existing in fact but which, without negligence upon the part of the defendant, was not made either through duress, fraud or excusable mistake of such a character that if known in time would have prevented the rendition and entry of the judgment." *People* v. *Ogbin,* 368 Ill. 173; *People* v. *Thon,* 374 Ill. 624.

None of the points upon which appellant seeks the writ come within such designated grounds. A writ of error *coram nobis* does not lie to correct false testimony, nor for newly discovered evidence. (*People* v. *Drysch,* 311 Ill. 342.) The incompetency of his lawyer may be raised upon writ of error, and if he is selected by the de-

fendant it is no ground for reversal. *People* v. *Ney,* 349 Ill. 172; *People* v. *Barnes,* 270 Ill. 574.

It is to be noted that the counsel who represented appellant in the case in which he was convicted also represented him in the criminal case reported in *People* v. *Gleitsmann,* 361 Ill. 165. This should be sufficient to put him upon notice of his ability to try a like type of case some years later.

Appellant also contends the deceased had made statements in writing and signed them, which were in the hands of the State's Attorney, and that he was refused the use of the same in making his defense. Under the law this is no ground for writ of error *coram nobis,* because he knew of the fact at the time of his trial, and by appropriate procedure could have compelled the production of such papers in court. And this does not constitute an excusable mistake, nor would it have operated to prevent the rendition of the judgment. A writ of error *coram nobis* does not permit a review of all of the matters arising in the record of a trial, (*Johnston* v. *People,* 383 Ill. 91,) but is a suggestion of some matter which would necessarily have resulted in the setting aside of the judgment. It is apparent if a person was insane, if he was a minor under the age of criminal liability, if he was incarcerated, so he could not produce a defense, that these matters would have been appropriate grounds for the court to grant the writ, but in the present case the appellant has had his writ of error; he has produced all of the testimony heard at the trial, and the judgment of the criminal court has been affirmed. His assertion that he had a private report which included some matters of fact that were not considered by the trial court is insufficient, because he could, in the motion for a new trial, have presented such facts, and obtained a ruling thereon.

We repeat what we have many times said, that it is not the province of a writ of error *coram nobis* to review

a matter that has been once finally determined, and especially if it has been determined by the judgment of this court. It applies only to those limited cases set forth above in this opinion, and the denial of the petition, where it does not come within the rule, presents no ground of review; nor does it present any constitutional question. *Heisler* v. *Florida,* 315 U. S. 411.

The judgment of the criminal court of Cook county in denying the petition for writ of error *coram nobis* is affirmed.

*Judgment affirmed.*