(No. 29838.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM M. EVANS, Plaintiff in Error.

*Opinion filed May 22, 1947—Rehearing denied September 15, 1947.*

WILLIAM M. EVANS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, William M. Evans, filed a motion in the criminal court of Cook county, in the nature of a writ of error *coram nobis,* seeking to vacate two convictions for murder and one conviction for assault with intent to kill. The motion was denied by the criminal court and is brought to this court on writ of error. He files here, as his record, his motion in the nature of *coram nobis,* the motion to dismiss and the order allowing same.

Plaintiff in error pleaded guilty to the three separate indictments charging him with the above-mentioned crimes, and after hearing evidence in aggravation and mitigation the court sentenced him on each indictment. In pronouncing judgment, the trial court made a comment, directed apparently, for the most part, to relatives of the accused man and those of his victims who were present in court. Contained in the comments are these statements: "* * *

It preyed on his mind to a point of fury. * * * the defendant was beyond the state of reason, * * *. No one can honestly follow the testimony and conclude that anything but a depressed mind is responsible for defendant's terrible acts. Call it what you will, 'emotional instability,' 'mental explosion' or 'maniacal excitement,' it, was such condition of the mind that engineered this tragedy. A normal person couldn't have deliberately butchered his own innocent and defenseless child excepting through the operations of such brood of mentality." In discussing the fact that the prosecution did not ask for the death penalty, the court said: "This tenderness may be motivated, as the court feels it, by a conclusion that these crimes were committed under peculiar impulses unfamiliar even to medical science. It is supported by the uncontradicted testimony of one of America's leading psychiatrists and by one of the State's own medical witnesses. Courts are no different than juries, they must follow the evidence, especially when it is undisputed, and under our laws, such evidence must be considered in mitigation of an offense."

Based on these remarks of the court, plaintiff in error filed his motion in the nature of writ of error *coram nobis,* and here contends: (1) That the trial court did not have jurisdiction to proceed to judgment and sentence because the trial judge's opinion judicially found plaintiff in error to have been insane at the time of the commission of the offense, and (2) plaintiff in error was denied due process of law and the equal protection guaranteed by the constitution in dismissing his motion when it was conclusively proved at the trial by testimony of alienists that he was laboring under maniacal excitement and was altogether insane at the time the crimes were committed.

The common-law writ of error *coram nobis,* its successor, the statutory motion in the nature of such writ, and its functions, were recently discussed by this court in, *People* v. *Touhy, ante,* p. 19. In that case it was pointed

out that the statutory substitute is an appropriate remedy in criminal cases, and lies to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused and without negligence on his part, he has been deprived of a defense which he could have used on his trial, and which, if known to the court, would have prevented conviction. Its purpose is to bring before the court rendering the judgment, matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrative of such matters are the disability of the parties to sue or defend, namely, death of one or more of the parties, death of a joint party, infancy, coverture and insanity, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts of the case. To like effect is *People* v. *Gleitsman,* 396 Ill. 499.

In the present case, the facts upon which plaintiff in error seeks to establish his right to the allowance of his motion appear here only in the form of plaintiff in error's statement filed with his motion. Whatever the facts were, they were known to the court. A writ of error *coram nobis* is not available to correct an error of which the court had notice or knowledge at the time the error was committed. (*United States ex rel. Howard* v. *Ragen,* 59 Fed. Supp. 374.) The plea plaintiff in error now makes would better have been presented to the trial court on a motion for a new trial.

It, clearly, was not the province of a motion in the nature of a writ of error *coram nobis* to review the facts taken by plaintiff in error from the record. The judgment of the trial court denying his petition is affirmed.

*Judgment affirmed.*