(No. 30210.—)

THOMAS E. HAWKS, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed November 20, 1947.*

THOMAS E. HAWKS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and MAX A. WESTON, State's Attorney, and JOHN E. SYPE, both of Rockford, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

At the October Term, 1944, of the circuit court of Winnebago County, the petitioner, Thomas E. Hawks, was indicted and pleaded guilty to the crime of rape, and was sentenced to the penitentiary for the term of his natural life. In July, 1946, he filed a petition for a writ of error *coram nobis,* to which a motion to strike was sustained. Later he filed an amended petition setting forth, in substance, that if the facts had been known to the judge at the time, the said judgment would not have been entered, and that the failure to call such facts to the attention of the court was an excusable mistake upon his part, and not due to carelessness, but due to duress, force and intimidation imposed upon him to obtain a confession; that he was arrested August 21, 1944, and for several days subjected to various kinds of abuse; that he was a narcotic addict;

that his counsel did not consult with him; that he was beaten by the police until he agreed to make the statement they dictated to him; that he was not warned of his constitutional rights; that he was taken to the place of the crime and required to pose for photographers; that he was ill-treated by the other persons confined in the jail; that the State's Attorney promised him if he would plead guilty he would get a sentence of from one to ten years; that his attorney did not visit him more than three times while he was in jail; that when the case came up for trial on October 24, 1944, he was told by his attorney that they could not get any men on the jury, and that he signed a paper, which he later learned was a jury waiver; and upon his suggesting to his attorney that the police had dictated his confession, he was told to keep quiet, and it would not be necessary for him to call any witnesses, and then he pleaded guilty.

A motion was filed by the State's Attorney to strike this amended petition on the ground it failed to state sufficient grounds for granting the motion; that it was defective because the matters constituting duress occurred more than two months prior to the plea of guilty; that there was no showing the confession was used in the trial of the case; that the plea of guilty was made after the court had fully explained to the accused the consequences thereof; and all of the facts in the petition were known to the petitioner at the time of his plea of guilty, and that he failed to call them to the attention of the court; and further, that there was no allegation that the confession was not true, or that the petitioner was innocent, or that petitioner was not guilty of negligence in not suggesting the matters set out in his petition at the time his case was called for trial.

The province of the writ of error *coram nobis* is limited. It is not designed as a general review of matters occurring in the trial court. Its purpose is to bring to the

attention of the court, and to obtain relief from, errors of fact of such a character as would have prevented the rendition and entry of the judgment. The character and nature of those facts have been announced many times, and consist of the proof of circumstances which show that the court either had no jurisdiction to render such judgment because of the status of the defendant, or such other facts as would have prevented the entry of such judgment. Illustrations of such defenses are death of either party before a judgment; or infancy, where there is no guardian; or insanity; or coverture; or some defense which was not made through duress, fraud, or excusable mistake, which was sufficient in itself to have prevented the rendition of the judgment. (*People* v. *Gleitsman,* 396 Ill. 499; *People* v. *Ogbin,* 368 Ill. 173; *People* v. *Thon,* 374 Ill. 624.) In such cases the practice is to raise the question either by motion to dismiss the petition or by answer, but in any event the issue is tried by the court without a jury. *Johnston* v. *People,* 383 Ill. 91.

It has been held that the improper admission of a confession as evidence on a trial is a matter to be presented in the bill of exceptions upon writ of error; (*Jacobson* v. *Ashkinaze,* 337 Ill. 141,) that a person may not avail himself of the remedy of *coram nobis* unless he shows that through no fault or negligence of his own the error of fact was not made to appear to the trial court, (*People* v. *Bruno,* 346 Ill. 449; *People* v. *Ogbin,* 368 Ill. 173;) and that the facts set out in his petition must be of such a character that, if known to the court, the judgment of guilt would not have been rendered against him. *People* v. *Crooks,* 326 Ill. 266; *People* v. *Rave,* 392 Ill. 435; *People* v. *Gleitsman,* 396 Ill. 499.

An examination of the petition discloses that the petitioner may still have been guilty, even though all of the facts alleged in his petition are assumed to be true. The fact that he was a narcotic addict, and believed the attor-

ney selected by him, or by his parents, conspired to obtain his conviction, does not present a question that may be corrected on *coram nobis,* as he could easily cure that situation by employing another attorney.

As we pointed out above, if the confession was made under duress some two months before the trial he was entitled to a hearing as to whether it was voluntary or involuntary before it could be used against him; and besides, there is no claim that the alleged confession was used before the plea of guilty. The allegation with respect to re-enactment only presents the question whether the evidence would have been competent or incompetent upon the trial. The question presented by the alleged promise of the prosecutor could only affect the discretion of the judge in case there was application for a new trial The record discloses that the so-called confessions were presented to the judge upon the question of aggravation or mitigation, after he had pleaded guilty, and had nothing to do with the entry of the judgment upon his plea of guilty.

It has been frequently said that the remedy afforded by a writ of error *coram nobis* is almost one of necessity, when great injustice results from the court's lack of knowledge of facts constituting a defense, and the law affords no other remedy. We do not believe that situation exists in this case. Petitioner appeared in court with the attorney of his own selection; his attorney made a motion to quash the indictment; the case was set for some ten days in the future; a motion for a change of venue, accompanied by his own affidavit and that of his attorney, was presented, and the change of venue granted from the judge who arraigned him. Two months later, when the case was called for trial and the jury was in the box, and its examination had started, either of his own volition or upon the advice of the attorney of his own selection, he pleaded guilty. Upon his plea of guilty the court warned

him of the consequences of the plea, and the possible penalties, and he persisted in his plea, whereupon he received the sentence above mentioned.

It is true that a motion to strike admits the facts set forth in the petition that are well pleaded, but if this case had been actually tried before a jury none of the facts would have been responsive to the issues in the case, except the one of confession, and that would have been material if it was voluntary, and would have been excluded if it had been involuntary. This matter was known to the petitioner several weeks before the trial, and was communicated to his attorney. The case, however, was not tried before a jury, and the only relevancy of the confession was its use in mitigation or aggravation of the offense, which did not affect the judgment, but only the punishment to be inflicted for the commission of an atrocious crime. All of the matters set out in this petition come within one of two classes: matters that have been waived through petitioner's own neglect and failure to raise them at the proper time, or matters immaterial to the rendition of the judgment. In other words, if the court had known all of the facts alleged it would not have prevented the entry of judgment.

Assuming all facts in the petition to be true, there is nothing to show that the court could not have entered the judgment complained of. The facts alleged in the petition are not sufficient to authorize the granting of a writ of error *coram nobis*.

The judgment of the circuit court of Winnebago County in striking the petition for writ of error *coram nobis* is affirmed.

*Judgment affirmed.*