(No. 30209.—

CHARLES J. THOMPSON, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed November 20, 1947.*

CHARLES J. THOMPSON, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (ROBERT J. ELLIS, State's Attorney, of Freeport, of counsel,) for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Stephenson County, dismissing appellant's petition in the nature of a motion for a writ of error *coram nobis.* Appellant was convicted of the crime of armed robbery in 1943 and sentenced to the penitentiary for one year to life. The criminal case was before this court on writ of error in *People* v. *Thompson,* 396 Ill. 175, and the judgment of conviction affirmed. Sentence was pronounced June 21, 1943. The present petition was filed in August, 1945.

It is alleged in the petition that counsel which the court appointed to defend appellant in the criminal action was incompetent, and that by reason of such incompetency he was sentenced to the penitentiary on a verdict which was not supported by the evidence; that certain witnesses testified fraudulently on the trial; that he had evidence to

establish an alibi, which his counsel by reason of incompetency did not present, and that the court erred in not appointing counsel selected by appellant.

The writ of error *coram nobis* as known at the common law has been abolished. The errors which could have been corrected by the ancient writ may now be corrected by motion filed in the court in which the error was committed, under section 72 of the Civil Practice Act. The function of a writ of error *coram nobis* was to bring the attention of the court to, and obtain relief from, errors of fact, such as death of either party pending the suit and before judgment therein, or infancy, where the party was not properly represented by guardian, or coverture, where the common-law disability still existed, or a valid defense existing in the facts of the case but which, without negligence on the part of the defendant, was not made either through duress or fraud or excusable mistake, and these facts not appearing on the face of the record must be such as, if known in time, would have prevented rendition and entry of the judgment. *People* v. *Bruno,* 346 Ill. 449; *People ex rel O'Connell* v. *Noonan,* 276 Ill. 430.

This is an appropriate remedy in criminal cases to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he would have made at his trial, and which, if known to the court, would have prevented the conviction. *People* v. *Moran,* 342 Ill. 478; *People* v. *Crooks,* 326 Ill. 266.

Proceedings under a motion or petition in the nature of a writ of error *coram nobis* are civil in their nature. (*People* v. *Crooks,* 326 Ill. 266.) The legal sufficiency of such petition or motion may be raised by a motion to dismiss. *People* v. *Thon,* 374 Ill. 624; *People* v. *Drysck,* 311 Ill. 342.

Appellant's petition does not state the prerequisite of a motion for a writ of error *coram nobis*. There is no allegation that the facts now sought to be used in aid of the writ were not within the knowledge of appellant during the trial, or that he was prevented from presenting the same to the court by reason of any duress, fear or other cause imposed upon him. The gist of the petition bears upon the incompetency of appellant's counsel, and in this connection he claims that he was prevented from introducing evidence of an alibi. Such question was a subject for review in the criminal action on writ of error, and appellant cannot by means of this proceeding have another review of that subject. The petition is insufficient and the judgment dismissing it was correct and is affirmed.

*Judgment affirmed.*