(No. 30731.—

ROBERT E. BURZELL, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed January 19, 1949.*

ROBERT E. BURZELL, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and MAX A. WESTON, State's Attorney, of Rockford, (DALE F. CONDE, of Rockford, of counsel,) for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

At the January term, 1947, of the circuit court of Winnebago County, Robert E. Burzell, the appellant, was indicted on a charge of burglary and larceny and violation of the Habitual Criminal Act. January 16, 1947, he appeared in open court represented by counsel of his own choosing and, after arraignment, made a motion to quash the indictment. The motion was argued and denied by the court on January 20, 1947. Thereupon the appellant pleaded guilty to burglary as charged in the first count of the indictment.

He was admonished as to the consequences of a plea of guilty and advised of his right to a trial by jury. He filed a written waiver of trial by jury and persisted in his plea of guilty. The court then found appellant guilty of burglary and, on January 23, 1947, heard the testimony in mitigation and aggravation of the offense. The State's Attorney nol-prossed counts two, three and four of the indictment and the court pronounced judgment on the plea of guilty previously entered and sentenced appellant to the Illinois State Penitentiary for a term of not less than two nor more than seven years. Thereafter, on January 5, 1948, appellant filed a petition in the nature of a writ of error *coram nobis* alleging that a confession was forced from him; that he was represented by incompetent counsel and that said confession and an habitual criminal count were held against him by the State's Attorney of Winnebago County with the connivance of his counsel to force him to plead guilty, all of which constituted errors of fact which were not within the knowledge of the court at the time of the rendition of the judgment.

A motion to strike the petition was filed by the State's Attorney on the ground there was no showing that the confession had any connection with the entry of the judgment or that the confession was ever used in court against appellant in any manner; also that the petition showed on its face he negligently or deliberately failed to present any of his alleged facts to the trial court before sentence. The motion to strike was allowed by the circuit court, from which order appellant has taken this appeal.

The purpose of the writ of error *coram nobis* at common law, and of the motion substituted for it by section 72 of the Civil Practice Act, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time judgment was rendered, would have prevented its rendition. *People* v. *Touhy,* 397 Ill. 19; *People* v. *Gleitsman,* 396 Ill. 499.

The facts set forth in appellant's petition were briefly that sometime prior to his indictment the city police of the city of Rockford by resort to coercion procured a statement signed by appellant in which he freely admitted his guilt of the crime of burglary; that the police falsely represented to appellant that his father had sent him word to sign the statement and that appellant was caused to sign the statement without having first read the same; that he was improperly represented by counsel prior to entering his plea of guilty, and he intimates that his counsel connived with the State's Attorney to secure his plea of guilty by stating that he could take his choice between pleading guilty or being prosecuted and sentenced as an habitual criminal.

The contention of appellant that a confession was secured from him by coercion is not supported by any affidavits or testimony whatsoever, nor is it shown anywhere in the record that the confession was used against appellant to procure his plea of guilty, or that it was used in the hearing on the question of mitigation and aggravation after the plea of guilty had been entered.

Appellant's complaint about the incompetency of his counsel consists of his own unsupported conclusion. He selected and employed his own attorney, who represented him at every stage of his trial, including the hearing on mitigation and aggravation. There is no justification in the record for his charge of connivance between his own counsel and the State's Attorney to secure his plea of guilty. In *People* v. *Gleitsman,* 396 Ill. 499, this court announced the incompetence of a defendant's lawyer may be raised by writ of error, but if he is selected by the defendant it is no ground for reversal.

There is no allegation in the petition that appellant was innocent of the crime for which he was sentenced and no claim that he was not guilty of the charge of being an habitual criminal under a previous conviction.

262

This case is strikingly similar in all respects to the case of *Hawks* v. *People*, 398 Ill. 281. All of the matters set forth in appellant's petition were well known to him at the time he entered his plea of guilty, and in the *Hawks case* it was stated as a matter of settled law in this State that "a person may not avail himself of the remedy of *coram nobis* unless he shows that through no fault or negligence of his own the error in fact was not made to appear to the trial court." There is no fact stated in appellant's petition of which he did not have full knowledge at the times he appeared in the circuit court and he gives no valid excuse for his failure to call such facts to the attention of the court.

We do not find in this case that any injustice resulted to the appellant because of any lack of knowledge of facts on the part of the court. We, therefore, hold that the petition was insufficient to authorize the granting of a writ of error *coram nobis*, and the action of the circuit court of Winnebago County in striking said petition is affirmed.

*Judgment affirmed.*