(No. 30878.—

HERBERT GUTH, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed January 19, 1949.*

HERBERT GUTH, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (CHARLES G. SEIDEL, State's Attorney, of Elgin, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Herbert Guth, hereinafter referred to as defendant, on May 5, 1948, filed a motion in the nature of a writ of error *coram nobis* in the circuit court of Kane County to set aside a judgment against him for burglary and larceny. A motion to dismiss, filed on behalf of the People, was sustained after a hearing before the court. This appeal followed.

In his motion the defendant alleges that he was sentenced to the penitentiary on November 9, 1934, for the above offense for a term of not less than one year or for life; that he was induced to plead guilty to the charge by representations of the sheriff and State's Attorney, assisted by defendant's father, that the court would not sentence

him to serve more than one year in prison; that defendant was not furnished a copy of the indictment, and was not advised that he had a right to have counsel appointed for him.

Defendant concludes that his plea of guilty was induced by fraud on the part of public officials and that the court was without jurisdiction to enter judgment against him. Attached to the motion were copies of the indictment, the record of defendant's conviction, an affidavit executed by defendant in support of his motion, and an affidavit of a minister of the gospel which contains no reference to any fact relating to the judgment entered against defendant.

The State's Attorney filed a motion to dismiss on the grounds that the defendant's motion did not contain allegations of fact which entitled him to the prayer of his motion, and that it appeared from defendant's motion that more than five years had elapsed between the final judgment about which he complained, and the date his motion was filed. Upon the issues thus presented the matter was heard by the court. The only witness was the clerk of the court who identified and read into the record the court record of defendant's arraignment, judgment of conviction, and sentence to the penitentiary, for the offense of burglary and larceny, on November 9, 1934.

This court has held, as urged by the defendant, that a motion in the nature of a writ of error *coram nobis* is an appropriate remedy in a criminal case. However, the province of a writ of error *coram nobis* is limited. It is not designed for the purpose of providing a means for general review of matters occurring in the trial court. Its purpose is to bring to the attention of the court, and to obtain relief from, errors of fact of such character as would have prevented the rendition of the judgment. Such a motion lies to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused, and without negligence on his part, he has

been deprived of a defense which he could have used at the trial, and which, if known to the court, would have prevented conviction. *Hawks* v. *People,* 398 Ill. 281; *People* v. *Touhy,* 397 Ill. 19; *People* v. *Dabbs,* 372 Ill. 160; *People ex rel. Courtney* v. *Green,* 355 Ill. 468.

Defendant's first contention is that he was promised a light sentence if he would plead guilty. The record of his arraignment shows that before the court accepted his plea the defendant was admonished by the court of the effect and consequences of his plea of guilty to the crime charged. The meaning of the word "admonish" is to caution or advise. (*People* v. *Pennington,* 267 Ill. 45.) It affirmatively appears that the court cautioned and advised defendant what the consequences would be if he persisted in his plea of guilty. The record further shows that the defendant remained silent after being admonished by the court. Under those circumstances the defendant was not deprived, by excusable mistake or ignorance on his part, of a defense he could have used at his trial. If he was relying on advice of public officers different from that given him by the court, it was his duty to call it to the attention of the court at the time of his arraignment and sentence. A person may not avail himself of the remedy of writ of error *coram nobis* unless he shows that through no fault or negligence of his own the error of fact was not made to appear to the trial court. *Hawks* v. *People,* 398 Ill. 281; *People* v. *Bruno,* 346 Ill. 449; *People* v. *Ogbin,* 368 Ill. 173.

It is next contended by the defendant that he was not furnished a copy of the indictment and was not advised that he could have the benefit of counsel appointed by the court to advise him. The record of his conviction shows conclusively that the defendant was furnished a copy of the indictment, a list of witnesses, and a list of jurors. The facts recited by the defendant in his motion and affidavit are in conflict with the facts found in the court record of his conviction. The record, in such case, must prevail as

against the affidavit of defendant. (*People* v. *Sprague,* 371 Ill. 627.) It does not appear that the defendant asked the court to appoint counsel for him. In such case the court was not required to provide him with counsel. (*People* v. *Wilson,* 399 Ill. 437.) Furthermore, the defendant makes no showing of any fact or facts, not known to the court, which could have been presented in his defense had counsel been appointed to assist him.

The defendant alleges that he was sentenced to the penitentiary on November 9, 1934. The record of his conviction, a copy of which was attached to his motion, shows that final judgment, finding him guilty of the crime charged, was entered against the defendant just prior to his sentence. His present motion was filed in the circuit court on May 5, 1948, almost fourteen years later. Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 196,) provides that a motion in the nature of a writ of error *coram nobis* must be made within five years after the final judgment in the case, unless the person entitled to make such motion shall be an infant, *non compos mentis,* or under duress, at the time of passing judgment. No showing has been made in defendant's motion, his supportting affidavits, or at the hearing before the court, of any fact or circumstance which would indicate that the defendant was under any disability or duress at the time final judgment was entered upon his plea of guilty to the crime for which he was sentenced. Under these circumstances, the five-years' limitation provided by section 72 of the Civil Practice Act is an insuperable bar to defendant's motion, filed almost fourteen years after the rendition of final judgment in his case. *People* v. *Touhy,* 397 Ill. 19; *People* v. *Rave,* 392 Ill. 435.

For the above reasons, the order and judgment of the circuit court of Kane County, dismissing defendant's motion in the nature of a writ of error *coram nobis,* is affirmed.

*Judgment affirmed.*