Eddie Holtzman, Petitioner-Appellant, v. People of State of Illinois, Respondent-Appellee.

Gen. No. 9,980.

Third District.

February 18, 1955.

Released for publication March 7, 1955.

A. M. Fitzgerald, of Springfield, for appellant; Walter T. Day, of Springfield, of counsel.

George P. Coutrakon, State's Attorney, and Raymond L. Terrell, Assistant State's Attorney, both of Springfield, for appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

Eddie Holtzman was tried in the circuit court of Sangamon county on an indictment charging that he had received certain stolen property of the value of $20.86, viz., seven sport shirts, knowing the same to have been stolen. The jury on February 3, 1953 returned a guilty verdict, fixing the value of the articles stolen at the sum of $20.86. Motions for new trial and arrest of judgment were denied and defendant was

sentenced to the penitentiary for a term of not less than one year and no more than ten years. A writ of error was sued out to the Supreme Court where the judgment and sentence were affirmed. (People v. Holtzman, 1 Ill.2d 562.) On April 3, 1954 Holtzman filed in the circuit court of Sangamon county a verified petition in the nature of a writ of coram nobis, seeking either a new trial, or in the alternative, that the sentence and findings of the court be corrected and reduced so as to impose a penalty for petit larceny only, rather than grand larceny.

A motion by the state's attorney to dismiss the petition for the reason that it did not state a cause of action was sustained. From that judgment an appeal has been taken to this court.

Holtzman's conviction of receiving stolen property was based in a large measure on testimony of one Arthur Reynolds to the effect that he had stolen seven shirts priced at $2.98 each from a store in Springfield, Illinois and sold them within fifteen minutes thereafter to Holtzman for one dollar each; that Holtzman operated a secondhand store and re-marked the shirts $2.98 with his own price tag. Attached to the petition in the present proceeding are certain affidavits and a written unsworn statement by Arthur Reynolds, the prosecuting witness in the criminal trial, to the effect that he had not sold Holtzman all seven shirts at one time but had stolen two shirts on each of three different occasions and sold the shirts to Holtzman two at a time on each of these occasions. At the time of Holtzman's offense, receiving stolen property worth less than $15, knowing the same to have been so obtained, was a misdemeanor, and property valued in excess of $15 a felony punishable by imprisonment in the penitentiary for not less than one year and not more than ten. (Ill. Rev. Stats. 1951, ch. 38, par. 492 [Jones Ill. Stats. Ann. 37.451].) Thus, if Reynolds' original testimony was false, Holtzman contends he was guilty of a mis-

122

demeanor only since he was never guilty of receiving at any one time property valued in excess of $15.

The State resisted the petition in the trial court and here on the ground that a petition in the nature of a writ of coram nobis is not the proper remedy to vacate a judgment and sentence based on false testimony.

The question here raised is based upon a record substantially the same considered by the Supreme Court in People v. Holtzman, supra. The same five affidavits there considered at page 566 of the opinion are attached to the petition in this case. The additional affidavits of Luther Braizer and T. Jonathan Jackson referred to at page 567 of the opinion wherein the affiants say that Reynolds subsequent to the conviction stated to them that he stole two shirts at a time on different days and sold them to Holtzman two at a time on different days are not attached. Instead there is attached the signed unsworn statement of Reynolds to the effect that he sold Holtzman six shirts two at a time and not seven at one time.

 The common-law writ of error coram nobis was abolished in this State by the Civil Practice Act and by sec. 72 thereof a motion in the nature of that writ was substituted therefor. (Ill. Rev. Stats. 1953, ch. 110, par. 196 [Jones Ill. Stats. Ann. 104.072].) The purpose of the common-law writ and its statutory substitute is to bring before the trial court matters of fact not appearing of record, which, if known at the time judgment was rendered would have prevented its rendition. (People v. Sheppard, 405 Ill. 79, 90 N.E.2d 78; Guth v. People, 402 Ill. 286, 83 N.E.2d 590.) Although a civil proceeding itself, it is available to correct errors of fact occurring in a previous criminal proceeding. (Thompson v. People, 398 Ill. 366, 75 N.E.2d 767; People v. Crooks, 326 Ill. 266, 157 N. E. 218.) It cannot be used, however, to set aside a conviction allegedly based upon perjured testimony. (People v. Drysch, 311 Ill. 342, 143 N. E. 100; People v. Touhy, 397 Ill. 19,

72 N.E.2d 827; Hall v. People, 402 Ill. 478, 84 N.E.2d 418.) It is appropriate only to bring to the attention of the trial court matters of fact not revealed to it earlier. In the Touhy case, supra, the Supreme Court at page 24 discussed typical matters justifying its use and included "the disability of the parties to sue or defend, namely, death of one or more of the parties, death of a joint party, infancy, coverture and insanity, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case." See also 30 Ill. L. Rev. 644. It is not a proper means whereby facts, already determined even though wrongly or on the basis of false testimony, can be re-examined.

The judgment of the circuit court of Sangamon county is affirmed.

Judgment affirmed.