RASBERRY SEWARD

*v.*

JOSEPH CEASE *et al.*

NEW TRIAL AT LAW—*when granted by a court of chancery.* A bill in chancery, to obtain a new trial at law, alleged that the judgment at law was recovered solely upon the perjured testimony of a single witness, who afterwards voluntarily made an affidavit of its falsity, stating his desire to retract the same, and this affidavit was made an exhibit in the bill: *Held*, that the bill presented good ground for relief, and if, on the hearing, the witness adheres to the statement in his affidavit, and it does not appear he was subjected to corrupt influences, a new trial should be granted.

APPEAL from the Circuit Court of Mason counnty ; the Hon. CHARLES TURNER, Judge, presiding.

This was a bill in chancery, by the appellant, against appellees, brought in the Mason County Circuit Court, at its October term, 1867, to set aside a judgment at law obtained in the same court, March, 1867. The bill alleges that the only evidence which the appellees were able to bring against the appellant in the suit at law, was the testimony of one Isaac J. Hughes, who testified that he heard the appellant hire two men by promising them $20 if they would tear up the brick machine of the appellees. This took place May 14, 1865, and on the following night he saw appellant with these two men go and take two wheels off the brick machine, which entirely destroyed its usefulness; and although this testimony was uncorroborated by a single witness or a single circumstance; although Hughes was abundantly impeached, directly, by numerous witnesses on the trial, and by proof of many contradictory statements which he had made in reference to the matter; although he admitted on the witness stand that he would lie any time to screen a friend, and although the appellant testified positively that he did not tear up the machine, yet, after all this testimony, the jury found a verdict of guilty against the appellant, and the court refused him a new trial.

Before the trial, the two Spellmans, who were said to have participated in tearing up the brick machine, left this State, and the appellant never could hear where they went, or get any trace of them, although he made diligent inquiry for them.

Soon after the March term of 1867, of the circuit court, Hughes, having left Mason county, and becoming dissatisfied and repentant of what he had done, confessed, in presence of Boyer, that he had sworn falsely in the case, and wished to retract it. This he embodies in an affidavit for the benefit of appellant. Afterwards, having removed to Benton county, Iowa, he still makes another affidavit, more complete in its terms than the former, in which he, in the most solemn manner, retracts his testimony, and swears that on a new trial he would retract all his testimony so falsely given. These two

affidavits and Boyer's affidavit are referred to in the bill, and made exhibits.

On the hearing, the bill, on motion of the defendant, was dismissed, and the relief prayed for refused.

. The ruling of the court below, upon this motion, is assigned as error.

Mr. Lyman Lacey, for the appellant.

"It is not enough that the person asking aid of chancery, shows that the verdict in the trial at law is not just, but he must show that the evidence discovered, when connected with the facts proven on the trial at law, entitles him to a verdict in his favor." 3 Graham & Waterman on New Trials, 1537.

"When newly discovered evidence goes merely to impeach a witness at the trial, it will not be admissible; but not so if it utterly destroys the former testimony." Ib. 1542; *Pegram* v. *King*, 2 Hawks, N. C., p. 255; again on p. 606, and cases there cited.

Mr. J. B. Wright, for the appellees.

In the case of *Finley, trustee, etc.* v. *Nancy Tyler*, 3 Monroe Rep. 409, the court say:

"It was known before the trial that Hitt would be a witness, and something of the nature of his testimony, and the defendant was then prepared to impeach the testimony, and did introduce evidence for that purpose, while the opposite party corroborated it, so that the attention of the parties had been particularly directed to that matter; consequently, every fact and point which the bill offers to prove, was completely established at the trial at law, and evidence, pro and con, actually adduced by the parties. Put the best face upon the case, it is one whose success might be hopeful, and worth the experiment if allowed; and *such experiments ought not to be allowed by the chancellor*."

A *conviction* for perjury is necessary to authorize the interference of a court of chancery under any circumstances. A mere *indictment* for perjury is not sufficient. *Pott* v. *Parker*, 2 Chitty's Rep. 269 ; see also, Tidd, 7th ed. 914.

Mr. Justice Lawrence delivered the opinion of the Court:

It is very seldom that a court of chancery will interfere to grant a new trial at law, though its jurisdiction to do so is undoubted. In this case, a bill was filed for that purpose, and the case having been heard on a motion to dismiss the bill, the relief prayed was refused. We are of opinion, however, that the motion should have been overruled, and if, after the cause is at issue and proofs taken, the case made by the bill is sustained, a new trial should be awarded. For the present, we must take the allegations of the bill as true, and they show, not merely that the only evidence upon which the judgment at law was obtained was false, but that the witness who gave it has voluntarily made an affidavit of its falsity before a magistrate, stating his desire to retract the same, and this affidavit is made an exhibit with the bill. This, then, is not a case of conflicting evidence. An unrighteous judgment has been obtained upon perjured testimony, and the perjury is shown, not by uncertain admissions of the perjurer, but by his own oath voluntarily made for the purpose of repairing his wrong. A stronger case could hardly arise. The motion to dismiss should have been overruled, and the defendant required to answer. After the answer is filed and the cause is at issue, it will be incumbent on the complainant to take the testimony of the witness, when the defendant will have an opportunity of cross-examining, and if the witness adheres to the statements of his affidavit, and there is no evidence he has been subjected to corrupt influences, the court will award a new trial.

The decree is reversed and the cause remanded.

*Decree reversed.*