Mᴏsᴇs P. MᴄGᴇʜᴇᴇ

*v.*

Jᴏsɪᴀʜ Gᴏʟᴅ.

68   215
71a 559
68   215
80a 253
68     215
114a ¹145

1. Cʜᴀɴᴄᴇʀʏ—*relief against judgment.* A court of equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or of which he was prevented from availing himself by fraud, accident, mistake, or the act of the opposite party, without any negligence or fraud on his own part.

2. Where the bill showed that a judgment had been recovered against the complainant on a note which had been paid some twelve years before by the principal, the complainant being surety; that the defendant, plaintiff at law, falsely swore on the trial that it had not been paid, and stated facts which showed a reasonable diligence on the part of the complainant to find evidence to prove the payment, which was without success, and showed the discovery of the proof since the rendition of the judgment: *Held*, that the bill was good on demurrer, and showed a case entitling the party to a decree enjoining the collection of the judgment.

Aᴘᴘᴇᴀʟ from the Circuit Court of Saline county; the Hon. Aɴᴅʀᴇᴡ D. Dᴜꜰꜰ, Judge, presiding.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the appellant.

Messrs. RAUM & CHRISTY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in chancery, filed in the circuit court of Saline county, by appellee against the appellant and the sheriff of that county, to enjoin the collection of a judgment and for a new trial in an action at law.

Appellant demurred to the bill, for the alleged reason that it is insufficient in law. The court overruled the demurrer, and, the appellant refusing to further answer, decreed in accordance with the prayer of the bill, enjoining the collection of the judgment and granting a new trial in the cause.

The only question presented for our consideration is, did the court err in overruling the demurrer and rendering this decree ?

The rule is well settled that "equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or of which he was prevented from availing himself by fraud, accident, mistake, or the act of the opposite party, without any negligence or fraud on his own part." Hilliard on New Trials, 451, sec. 3 ; Freeman on Judgments, 409, sec. 486.

It is alleged in the bill, in substance, that appellant recovered a judgment against appellee on a note which had been paid some twelve years prior to the commencement of the suit in which the judgment was obtained ; that appellant was, at the time, cognizant of the payment, but falsely swore on the trial that the note had not been paid ; that appellee was only surety on the note, and knew nothing about the payment, it having been made by his principal, who, soon after making the payment, and without communicating the fact to appellee,

removed from and has ever since resided out of the country ; that appellee applied for a continuance, to procure the testimony of his principal ; that, failing in this, he applied to the only persons that he had reason to suppose, on account of their intimacy with the parties, knew anything about the payment, and that they were then too sick to communicate any information in regard to the payment, and that since the adjournment of the term of court at which the judgment was obtained he has discovered witnesses, whose names and residences are given, by whom he can prove the payment of the note, as before stated.    This, by the demurrer, is admitted to be true. The case is strictly within the rule which we have quoted. The judgment was fraudulent, and appellee is not chargeable with negligence in ascertaining and interposing his defense.

The decree of the circuit court was justified by the averments in the bill, and it is therefore affirmed.

*Decree affirmed.*