### James A. Brown, Appellant, v. Ferdinand Ebann, Appellee.

### Gen. No. 15,835.

1. CHANCERY—*jurisdiction to grant new trials at law.* A court of equity has the power to vacate judgments of courts of law and to grant new trials therein in cases wherein such judgments have resulted by mistake, fraud or accident, unmixed with negligence or fault on the part of the defendant.

2. DECREES—*when not subject to collateral attack.* If the court has jurisdiction of the parties and of the subject-matter, a decree setting aside a judgment at law and granting a new trial cannot be attacked as erroneous when presented to the court of law for the purpose of being carried out.

3. JUDGMENTS—*when may be set aside after lapse of term.* If by decree in chancery a judgment at law be ordered set aside and a new trial awarded, a court of law has jurisdiction after the lapse of the judgment term to set aside the judgment in question, re-docket the case and subsequently (the facts justifying) to dismiss the action for want of prosecution.

Assumpsit. Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 25, 1911.

Statement by the Court. Judgment in *assumpsit* was rendered in a jury trial in the County Court, De-

cember 20, 1907, in favor of appellant and against ap-
pellee for $376.50.  Execution was issued January 13,
1908, and was returned *nulla bona*.  Alias execution
was issued February 6, 1909, and was levied on certain
real estate.  On February 20, 1909, the court entered
an order to re-docket the cause, and to quash the alias
execution, and to set aside the said verdict and judg-
ment, and granted a new trial in said cause.  On April
23, 1909, the cause having again been called for trial
in the County Court, on motion of appellee the cause
was by the court dismissed for want of prosecution.
Appellant preserved proper exceptions to the orders
and judgments of the court made February 20, 1909,
and April 23, 1909, and has appealed therefrom to this
court.

The record shows that the said orders and judg-
ments of the court from which this appeal was taken,
were entered by the court on motions of appellee.  The
evidence offered in support of said motions is a cer-
tified copy of a decree of the Superior Court of Cook
county in a certain cause in said latter court, wherein
said Ebann was complainant and said Brown and
Strassheim, sheriff, were defendants, which decree is,
in substance, as follows:  That the said verdict of the
jury and the said judgment of the County Court en-
tered therein December 20, 1907, be and the same are
hereby vacated and set aside; that a new trial be
granted in said County Court suit, and that the parties
thereto have leave to proceed in said cause as though
no trial or judgment was had or entered therein.

A. W. Martin and Edward H. S. Martin, for ap-
pellant.

No appearance for appellee.

Mr. Justice Duncan delivered the opinion of the
court.

Appellant insisted before the lower court, and now

insists in this court, that it was error to admit in evidence the decree in chancery of the Superior Court of Cook county, because that court had no power or jurisdiction to enter such a decree. It clearly appears from the record that the Superior Court had jurisdiction of the parties in the chancery suit, and appellant does not contend otherwise. The Superior Court in its said decree made the findings that appellant, at divers times between the bringing of said suit at law and the date said judgment at law was entered, represented to appellee that he, Brown, had no claim against appellee growing out of the subject-matter of that suit; that appellee need not go to the expense of defending the same, as he, appellant, intended to dismiss the same, and would not appear and testify therein; that appellant in violation of said promise or representation did appear and testify in the law court and thereby fraudulently obtained said judgment, and that appellee was not negligent in allowing said judgment to be entered, and that he had a valid defense to said suit.

It is now a well established rule that a court of equity does have the power to vacate judgments of courts at law, and to grant new trials therein, in cases wherein such judgments have resulted by mistake, fraud or accident, unmixed with negligence or fault on the part of the defendant. This jurisdiction of courts of equity was formerly resisted and not recognized by courts of law, but the power is now conceded in cases of the above character, which commend themselves strongly to equitable relief. Seward v. Cease, 50 Ill. 228; Holmes v. Stateler, 57 Ill. 209; Wilday v. McConnel, Exr., 63 Ill. 278; 11 Ency. of Pl. & Pr., 1172, 1173; and Vol. 7 thereof, p. 799.

The findings of the Superior Court certainly constitute very strong grounds for the relief granted in its decree; and unless reversed on appeal or writ of error, or otherwise set aside, the decree was binding on the County Court, and is binding on this court. The Superior Court, having jurisdiction of the parties and

of the subject-matter of the suit, it cannot be successfully attacked collaterally. It is true that, after the term had elapsed at which the judgment was obtained in the County Court, that court was without power to vacate the judgment, or in any way to modify the same, except in matters of form or mere clerical error. As a matter of fact, the judgment was not vacated by the County Court's order. It was vacated by the order of the Superior Court. The mere fact that the County Court's order purported to vacate the judgment is of no consequence in this appeal. The case of Hayes v. Wagner, 220 Ill. 256, is not opposed to the authorities above cited. The court, in substance, there holds that relief against such judgments may be obtained by appeal or writ of error, if the error is apparent on the face of the record; and, if not, by bill to impeach it for fraud or other similar cause. The County Court, by virtue of the order of the Superior Court, did have the power and the authority to have the cause redocketed and to give a new trial. It also had the right to dismiss the cause for want of prosecution, and no error in that particular appears in this record. The appeal from the County Court's order in vacating the judgment can have no effect on the validity of the order made by the Superior Court in that regard.

Finding no reversible error in this record, the judgment of the County Court is affirmed.

*Judgment affirmed.*