# Simon Nicoloff, Appellant, v. Martin Schnipper, Sheriff, and Cahokia Flour Company, Appellees.

1. APPEAL AND ERROR—*assignment of errors as sufficient to raise legal sufficiency of bill.* Where the trial court dismissed without a hearing on the merits a bill to enjoin the enforcement of a judgment at law the question is raised by the assignment of errors as to whether said bill states a ground for equitable relief.

2. INJUNCTIONS—*enforcement of judgment at law not enjoinable on bill contradicting record at law.* In a bill to enjoin the enforcement of a judgment at law a ground for relief relied upon which states that neither appellant nor his solicitors were present when the record shows that appellant excepted to the rendition of the judgment and prayed an appeal and an order was made allowing said appeal and fixing the time for filing the bond and bill of exceptions, and that neither appellant nor his solicitors knew that judgment had been rendered until after the term and the time fixed for filing an appeal bond had expired, seeks not to amend but to contradict the record, which cannot be done as the record imports absolute verity.

3. INJUNCTIONS—*degree of proof requisite to enjoin judgment at law on ground that it is based on perjured testimony.* In a suit to enjoin the enforcement of a judgment at law on the ground that it was obtained on perjured testimony the relief prayed will not be granted when the allegations are not clear and conclusive that the evidence, on which the judgment was, was perjured.

4. INJUNCTIONS—*failure to answer bill to enjoin enforcement of judgment as raising question of sufficiency of bill to state grounds for equitable relief.* In a suit to enjoin the enforcement of a judgment at law where the defendant wholly fails to answer one of the averments of the bill the question arises as to whether such allegation presents a ground for equitable relief.

5. GAMBLING CONTRACTS—*when bill states grounds for enjoining enforcement of judgment on gambling contract.* Where the issues tried in a common-law suit, the enforcement of a judgment in which is sought to be enjoined on the ground that the contract upon which judgment was rendered was void as a gambling contract, did not raise the question of the illegality of the transaction and the answer to the bill does not aver that such defense was made, the bill set forth a ground for equitable relief and the court erred in dismissing the bill without a hearing on the merits.

6. INJUNCTIONS—*amount of damages recoverable on dissolution.* Under Cahill's Ill. St. ch. 69, ¶ 8, limiting the damages to be recovered on the dissolution of an injunction restraining the collection of

a judgment to an amount not exceeding 10 per cent of the same, it was error to assess damages in excess thereof.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1924. Reversed and cause remanded. Opinion filed July 7, 1924.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellant.

DAVID E. KEEFE and JOSEPH E. GRACE, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

At the March Term, 1923, of the City Court of East St. Louis, appellees obtained a verdict for $290.00 against appellant, in an action in assumpsit. A motion was made by appellant for a new trial. Said motion was not disposed of at that term, but was carried over to the May Term, and was overruled, July 22, 1923, and judgment was rendered against appellant for the amount of said verdict and for costs.

On September 4, 1923, appellant filed a motion to set aside said judgment and for a new trial, which motion was overruled. Appellant thereupon filed a bill for injunction, and a temporary restraining order was issued, restraining the sheriff, one of the appellees herein, from levying upon the goods, merchandise and fixtures of appellant to satisfy said judgment.

Appellees filed an answer to said bill, and made a motion to dissolve said temporary injunction and to dismiss said bill for want of equity. Said motion was allowed and a decree entered as prayed. Appellant prosecutes this appeal, seeking a reversal of said decree.

The trial court having dismissed said bill without a hearing on the merits, the question is raised by the assignment of errors as to whether said bill states a ground for equitable relief. Appellant contends that

said bill states three distinct grounds for such relief.

The first ground relied on by appellant is the allegation that appellees' counsel fraudulently represented to the trial court that a notice had been given to counsel for appellant that the motion for a new trial would be heard by said court on July 22, 1923; that in fact appellant received no notice of said hearing, and in the absence of appellant or his counsel, said motion was overruled and judgment was rendered against him as above set forth; that the records of said court show that appellant excepted to the rendition of said judgment against him and prayed an appeal therefrom; that an order was entered allowing said appeal and fixing the time for filing bond and bill of exceptions; that "in truth and in fact" neither appellant nor his solicitors were present in court when said orders were made; that they were made without being asked for by appellant or by his counsel, and without their knowledge; that the first knowledge appellant or his counsel had that said judgment had been rendered was on September 4, 1923, the day said motion was made to set said judgment aside, and which was after the adjournment of the May term of said court, and after the time fixed to file an appeal bond had expired, thereby cutting off his right to appeal.

Appellant by this assignment of error is not seeking to amend said record, but to contradict the same. This cannot be done as said record imports absolute verity. *Chicago, B. & Q. R. Co. v. Lee,* 68 Ill. 576; *Mason v. Patterson,* 74 Ill. 191-195; *Wolf v. Hope,* 210 Ill. 50-57; 3 Cyc. p. 152.

The second ground relied on is that the allegations of said bill disclose that said judgment at law was obtained on perjured testimony.

Where the evidence is clear and conclusive, a court of equity will entertain a bill to set aside a judgment obtained in a court of law upon perjured testimony. *Seward v. Cease et al.,* 50 Ill. 228-231; *Brown v.*

*Ebann,* 165 Ill. App. 218; *Holmes v. Stateler,* 57 Ill. 209; *Wilday v. McConnel,* 63 Ill. 278. Under the authorities cited, the allegations of the bill with reference to said judgment having been obtained on perjured testimony are not of that clear and conclusive character which would warrant a court of equity in assuming jurisdiction to set the same aside.

The third ground relied on is based on the allegation in said bill that appellee corporation is absolutely insolvent; "that on May 6th, A. D. 1920, and for a long time prior thereto and afterwards the defendant corporation was engaged in the trading 'in' futures' depending on the fluctuation of the market of grain and flour; that the method employed by the defendant corporation was to secure orders from various persons ostensibly for flour or other products depending upon the rise or fall of the market within a given time; that it never had in its possession any flour or products mentioned in the supposed order of your orator and that the defendant corporation never intended and could not deliver and did not deliver any flour to your orator or any product, in utter disregard and in violation of the Statute of the State of Illinois; that by reason of the premises said supposed order or contract is wholly void and of no effect; and that said judgment based thereon is likewise void and a nullity."

The answer filed by appellee corporation wholly fails to answer this averment of said bill. The question therefore arises as to whether said allegation presents a ground for equitable relief.

Paragraph 308, Division I of the Criminal Code, chapter 38, Cahill's Illinois Statutes, provides as follows:

"Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain, or other commodity, stock of any railroad or other company, or gold, where it is at the time of making such contract intended by both parties thereto

that the option, whenever exercised, or the contract resulting therefrom, shall be settled, not by the receipt or delivery of such property, but by the payment only of differences in prices thereof, or whoever forestalls the market by spreading false rumors to influence the price of commodities therein, or corners the market, or attempts to do so in relation to any such commodities, shall be fined not less than $10 or more than $1,000, or confined in the county jail not exceeding one year, or both; and all contracts made in violation of this section shall be considered gambling contracts and shall be void.''

Paragraph 309 of said statute renders all promissory notes, bills, bonds, covenants, contracts, agreements, judgments, mortgages or other securities, etc., based on a gaming consideration, void. Paragraph 313 gives a court of equity power to vacate gaming contracts, and is as follows:

"All judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements, and other acts, deeds securities, or conveyances, given, granted, drawn or executed, contrary to the provisions of this Act, may be set aside and vacated by any court of equity, upon bill filed for that purpose, by the person so granting, giving, entering into, or executing the same, or by his executors or administrators, or by any creditor, heir, devisee, purchaser or other person interested therein; or if a judgment, the same may be set aside on motion of any person aforesaid, on due notice thereof given.''

The Supreme Court, in passing on and construing the provisions of said statute, has held that a court of equity has jurisdiction to entertain a bill to set aside a judgment based on a gambling contract, even though the party seeking such relief may have known of the illegality of the same at the time suit was brought to recover thereon except in cases where such defense is made in the common-law suit. *Mallett v. Butcher et al.*, 41 Ill. 382-385; *Lucas v. Nichols*, 66 Ill. 41; *West v. Carter*, 129 Ill. 249; *Harris v. McDonald*,

194 Ill. 75; *Boddie v. Brewer & Hofmann Brewing Co.,* 204 Ill. 352-354.

In *Boddie v. Brewer & Hofmann Brewing Co., supra,* the court in discussing a question of this character at page 354, says:

"As the defense could have been interposed in the actions at law in which the judgments sought to be set aside were rendered, did the fact that the appellee company knew the premises were leased for use as a gambling house make it necessary that it should plead that fact when sued for rent upon the lease, or could it appear and interpose other defenses to the actions, and, after judgments had been rendered against it, raise the question that the premises had been leased for use as a gambling house, by bill in equity to set aside the judgments? We think, under the authority of *Mallett v. Butcher,* 41 Ill. 382, *Lucas v. Nichols,* 66 id. 41, *West v. Carter,* 129 id. 249, and *Harris v. McDonald, supra,* it could. In the *Mallett case,* which was a bill in equity to set aside a judgment on a note given for money lost at gambling, it was said (p. 385): 'Great reliance is placed on the case of *Abrams v. Camp.* 3 Scam. 290, where, under this same law, this court held that relief in such case would not be granted against a judgment at law when a party permitted a judgment to pass against him without setting up his defense. We cannot receive this as the rule in cases arising under this statute. That is *sui generis,* and provides for special cases, and must be executed with reference, alone, to itself, and under it we are free to say, that neglecting to set up the statute at law does not preclude a party claiming the benefit from a resort to chancery for relief. It was the intention of the legislature to make all judgments, like the contracts on which they were founded, absolutely void,—of no vitality,—and they cannot be vitalized by the action of any court.' And in the *West case* the court said (p. 254): 'It can make no difference that a defense was or might have been made in the suit at law to recover judgment upon the illegal contract.' And in the *Harris case,* which was the last expression of this court upon the subject,

it is said (p. 80): 'It is not a sufficient defense to the bill to prove that the complainant appeared and defended in the suit at law in which the judgment was rendered, it appearing that the illegality of the contract, under the statute alleged in the bill as a ground for relief, was not set up or adjudicated in the action at law.' "

The issues tried in said common-law suit, as disclosed by said bill, did not raise the question of the illegality of said transaction, and the answer to the bill does not aver that that defense was made. We are therefore of the opinion and hold that the trial court erred in dismissing said bill without a hearing on the merits, as the bill, in our judgment, sets forth a ground for equitable relief.

It is further contended that the trial court erred in assessing damages against appellant on the dissolution of said temporary injunction, in the sum of $100.00; that the maximum amount that could be legally assessed was 10% of the amount of said judgment, being $29.00.

Paragraph 8, chapter 69, Cahill's Statutes, limits the damages to be recovered on the dissolution of an injunction restraining the collection of a judgment to an amount not exceeding 10% of the same, and the court therefore erred in assessing an amount in excess thereof. *Hollister v. Sobra,* 264 Ill. 535, citing and approving *Roberts v. Fahs,* 36 Ill. 268; *Shaffer v. Sutton,* 49 Ill. 506; *Forth v. Town of Xenia,* 54 Ill. 210.

Other errors were assigned on the record, but in our view of the case, it will not be necessary to discuss the same. For the reasons above set forth, the judgment and decree of the trial court will be reversed and the cause will be remanded for further proceedings consistent with the views herein expressed.

*Judgment reversed and cause remanded.*