(No. 30378

Herman Sims, Plaintiff in Error, *vs.* The People of the State of Illinois, Defendant in Error.

*Opinion filed January 22, 1948.*

Lawrence & Brumfield, (Jerry M. Brumfield, of counsel,) both of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, W. S. Miroslawski, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

In June, 1941, plaintiff in error, Herman Sims, was tried in the criminal court of Cook County for the crime of murder, and found guilty, and sentenced to imprisonment in the penitentiary for 199 years. The instant proceeding is a petition in the nature of a writ of error *coram nobis,* in which he claims that certain errors of fact existed during the trial, which, if known to the court, would not have resulted in the judgment against him.

The petition alleges that he was not the aggressor in the homicide, but on the contrary he acted in self-defense in order to repel the attack of the deceased; that about five weeks prior to the homicide he had been wounded in

an encounter with the deceased and had spent some little time in a hospital; that he received a warning letter to the effect that deceased would finish him the next time they met; and he also alleges that his counsel was incompetent, and did not properly defend him; all of which facts, if known to the court, would have resulted in his acquittal.

There is not a single one of the matters alleged in the petition that would not have been provable upon the trial of the cause, had they been offered in evidence. There is nothing to show such facts were offered by the petitioner during the trial, or that his counsel made any effort to prove such facts, or that the court refused to allow them in evidence. They are all matters which should have been saved by a bill of exceptions, and reviewed by the ordinary process of writ of error.

We have, during the last two years, laid down the requirements for relief by writ of error *coram nobis,* and it is unnecessary to repeat them here. This is neither a case where infancy, death, coverture, fraud, or any of the facts, which, if known to the judge, would in themselves result in a different judgment. There is nothing alleged in the petition, which, if true, would be sufficient to cause a trial court, as a matter of law, to enter a different judgment.

The judgment of the criminal court of Cook County properly dismissed the petition for writ of error *coram nobis.*

*Judgment affirmed.*