(No. 31841. ▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL QUIDD, Plaintiff in Error.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

138

Paul Quidd, *pro se*, and M. J. St. George, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (Charles W. Corcoran, John T. Gallagher, Rudolph L. Janega, Clement C. Cody, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

In May, 1948, plaintiff in error, Paul Quidd, was tried before a jury in the criminal court of Cook County and found guilty of larceny by embezzlement. As a result he was sentenced to the penitentiary for a term of not less than three nor more than six years. Upon review by writ of error, this court affirmed the judgment of conviction. (*People* v. *Quidd,* 403 Ill. 15.) Subsequently plaintiff in error filed a petition in the nature of a writ of error *coram nobis,* in which he claimed that certain errors of fact existed

during the trial, which, if known to the court, would not have resulted in the judgment against him. We are now asked by this writ of error to review the court's order which dismissed the petition. Counsel for the People question plaintiff in error's right to review because of his failure to file a notice of appeal, however, such argument overlooks the adjudication in *Schroers* v. *People*, 399 Ill. 428, that a motion of this nature, filed in a criminal action, continues its identity as a criminal case, and, if involving a crime above the grade of a misdemeanor, will be reviewed directly by this court on writ of error.

The petition here alleges that on the evening of the day the panel of twelve jurors was selected and sworn to try the charges against him, plaintiff in error was accosted in front of his home by "three tall men" who threatened him with revolvers and stated: "If you ever take the witness stand in that case you will never live to get down to the Stateville Penitentiary." The allegations continue that plaintiff in error feared for his life and for that reason did not disclose the threat to the court or his counsel; that because of the threat he did not take the stand to defend or explain his actions though urged to do so by his counsel; that had he taken the stand to deny his guilt and explain the facts brought out by the prosecution, he believes he would have been found not guilty.

In support of the petition there was filed the affidavit of one Alfred Wiegandt, a neighbor to plaintiff in error, who deposed that he had seen the accost by the three armed men, and had been told of their threat by plaintiff in error. Affiant further stated that plaintiff in error expressed his fear of either notifying the police or of taking the witness stand in his own behalf.

Before a hearing was held upon the allegations of the foregoing petition, plaintiff in error was granted leave to file an additional petition in which he gave the names of other persons who had access to the vault from which the

funds he is accused of embezzling disappeared, and alleged that the receipt signed for the missing money was not in his handwriting. Other facts alleged related to the circumstances under which the money had been placed in his custody, the parties present at the time, and to the occasion on which plaintiff in error opened and inventoried the contents of the envelope containing the money at the request of the owner's husband. Counsel for the People filed their motion to dismiss, which was granted by the court after hearing the arguments of both parties.

The frequently stated purpose of the petition or motion in the nature of a writ of error *coram nobis,* provided for by section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1949, chap. 110, par. 196,) is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time judgment was entered, would have prevented its rendition. (*People* v. *Sheppard,* 405 Ill. 79; *Guth* v. *People,* 402 Ill. 286.) Illustrative of the character of such matters of fact not appearing of record, are the disability of the parties to sue and defend; the failure of the clerk to file a plea or answer; and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts of the case. (*Hall* v. *People,* 402 Ill. 478; *People* v. *Dugan,* 401 Ill. 442.) Plaintiff in error reasons that since he failed to testify in his own defense through fear of the alleged threat on his life, his conviction was obtained by duress, thus entitling him to a new trial.

We are of the opinion that the facts presented are not of the character necessary to the granting of the relief sought. With the possible exception of the allegation relative to the threat on his life, there are none of the matters alleged which would not have been provable upon the trial of the cause had they been offered in evidence. An exam-

ination of the facts makes it apparent that they could have been introduced into the record by the testimony of other witnesses and that their absence is not occasioned solely by the fact that plaintiff in error did not testify in his own behalf. Such matters should have been presented to the court, saved by bill of exceptions and reviewed by writ of error. *Sims* v. *People,* 399 Ill. 159.

The allegations relating to the threat on his life and knowledge of whether he had a meritorious defense, were facts known by plaintiff in error at the time of his trial, and his failure to disclose the threat or to interpose his defense must be said to have resulted from his own negligence and deliberate action. Under such circumstances of negligence a defendant is not entitled to relief under a petition in the nature of a writ of error *coram nobis.* (*People* v. *Ogbin,* 368 Ill. 173.) This is not a case where the alleged fraud and duress are attributed to law-enforcement officials who participated in the steps leading to plaintiff in error's conviction, in which case coercion is held to be inconsistent with due process, (*People* v. *Dugan,* 401 Ill. 442, at p. 446,) but rather the fraud and duress is charged against utter strangers to the proceeding. If plaintiff in error was put in fear of his life, he could have sought the protection of the court and law-enforcement officials. That he did not fully avail himself of such right, and of his defenses, resulted only from his own negligence and not from the actions of those charged with according him a trial under due process of law. There is nothing alleged in the petition which, if true, would be sufficient to cause a trial court, as a matter of law, to enter a different judgment.

The order of the criminal court of Cook County dismissing the petition is affirmed.

*Order affirmed.*