(No. 36099

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BEN
LEWIS, otherwise called Ben Erlich, Appellant.

*Opinion filed March 29, 1961.—Rehearing denied May 17, 1961.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, (SHERMAN C. MAGIDSON, of counsel,) for appellant.

WILLIAM L. GUILD, Attorney General, of Springfield, DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Petitioner was convicted of obtaining money by means of the confidence game and was sentenced to the penitentiary for a term of not less than three nor more than ten years. His conviction was reviewed by this court on writ of error and was affirmed. (*People* v. *Lewis,* 17 Ill.2d 403.) Thereafter he filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 72), praying that judgment and sentence be vacated on the ground that his conviction was obtained by perjured testimony. The trial court allowed the State's motion to strike and dismissed the petition. Petitioner appeals directly to this court, on the ground that this is considered a criminal case above the grade of misdemeanor. *People* v. *Quidd,* 409 Ill. 137.

Petitioner contends that the constitutional guarantee of due process requires that there be an available remedy for securing relief from a conviction based upon perjured testimony, and that section 72 of the Civil Practice Act, as amended in 1955, is sufficiently broad to afford such a remedy. The State contends that section 72 may not be used to set aside a judgment allegedly based on perjured testimony, and that, in any event, petitioner is not entitled to the relief prayed for because he does not allege that the prosecuting officers had knowledge of the falsity of the

testimony, and for the further reason that petitioner knew or should have known at the time of trial of the facts now alleged as a basis for relief.

Considerable confusion exists among American cases as to the availability of relief from a judgment based on perjured testimony. (See Annotation: "Perjury as grounds for attack on judgment or order of court," 126 A.L.R. 390.) Statements denying in sweeping terms the availability of relief appear to have stemmed from the broad dictum in *United States* v. *Throckmorton,* 98 U.S. 61, 25 L. ed. 93, which was based on reasons which are far from satisfying and which has not been followed by the United States Supreme Court. (*Cf. Marshall* v. *Holmes,* 141 U.S. 589, 35 L. ed. 870.) The dictum of the *Throckmorton case* does not appear to have been followed in Illinois, and there are at least two early decisions of this court holding that, under proper circumstances, a bill in equity would lie to obtain relief from a judgment based upon perjured testimony. (*Seward* v. *Cease,* 50 Ill. 228; *McGehee* v. *Gold,* 68 Ill. 215.) In our opinion, therefore, section 72 affords a remedy, in a proper case, to obtain relief from a judgment based on perjured testimony.

It does not, however, follow that mere allegations of perjury are sufficient to sustain a petition under section 72. In order to be entitled to relief, petitioner must not only show that adequate grounds for relief exist but also that it was through no fault or neglect of his own that the grounds now claimed for relief were not previously made to appear to the trial court. (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502; see *Ephraim* v. *People,* 13 Ill.2d 456; *Glenn* v. *People,* 9 Ill.2d 335; *People* v. *Ogbin,* 368 Ill. 173.) In *Brockmeyer* v. *Duncan,* 18 Ill.2d 502, 505, in considering a petition under section 72, we said: "Assuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is

well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (*Guth* v. *People,* 402 Ill. 286; *Green* v. *People,* 402 Ill. 224.) Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. *McCord* v. *Briggs & Turivas,* 338 Ill. 158; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516."

None of the numerous cases cited by petitioner suggests any different rule. In the opinion in *Shammas* v. *Shammas,* 9 N.J. 321, a case most heavily relied upon by defendant, the New Jersey court, speaking through Mr. Justice Brennan, at p. 330, said: "Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been, not false merely, but to have been wilfully and purposely falsely given, and to have been material to the issue tried and not merely cumulative but probably to have controlled the result. *Further, a party seeking to be relieved from the judgment must show that the fact of the falsity of the testimony could not have been discovered by reasonable diligence in time to offset it at the trial or that for other good reason the failure to use diligence is in all the circumstances not a bar to relief."* (Emphasis supplied.)

Neither of the two early Illinois cases heretofore cited is at variance with these principles. In *McGehee* v. *Gold,* 68 Ill. 215, the perjury was unknown to complainant at the time of trial and the allegations of the complaint clearly showed due diligence on his part. In *Seward* v. *Cease,* 50 Ill. 228, while the fact of perjury was presumably known at the time of trial to the person seeking relief, he had done everything possible at that time to combat it, and the means by which he could effectively prove the perjury were not available until later.

Judged by these standards the petition in this case falls

far short of stating grounds showing that petitioner is entitled to the relief prayed for. The petition makes wholesale charges in which no fewer than eight witnesses are charged either with perjury or with failure to make known to the court certain facts. The petition as filed contained nothing to indicate that the matters relied upon for relief were not known to the petitioner at the time of trial. Thereafter the petition was amended to include an allegation to the effect that petitioner was not able to learn or discover the perjurious testimony until after he was convicted and the case was in this court for review. This allegation was not verified by the petitioner, and in any event is contradicted by the petition itself, which shows on its face that in many instances the alleged perjury was known to the petitioner at the time of trial. In other instances, the perjury complained of was of such a nature that it must necessarily have been known to him at the trial. Counsel for petitioner has acknowledged this in his reply brief and on oral argument, but he argues that petitioner may have been unable to prove the falsity of the testimony at the time because he could not have been expected to have anticipated perjury. The petition, however, contains no showing that petitioner now has available any evidence to prove the perjury that was not available or which could not by the exercise of reasonable diligence have been produced at the trial. Virtually the only mention in the petition of the evidence by which petitioner proposes to prove that perjury was committed is a letter to him from an attorney for one of the witnesses. This letter was dated approximately two and one-half years before the trial and was presumably in petitioner's possession that whole time, yet no explanation is offered for the failure to produce it at the trial. While it would be unfair to require the petition to detail all the evidence by which petitioner proposes to prove the falsity of the allegedly perjured testimony, it must at least show that petitioner now has some substantial evidence of perjury

which he did not have at the time of trial and which, by the exercise of reasonable diligence, could not have been available at the trial. This the petition has wholly failed to do.

The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*