The People of the State of Illinois, Respondent-Appellee, *v.* Sherman Bickham, Petitioner-Appellant.

(No. 57204;

First District (4th Division)—November 13, 1974.

Kenneth N. Flaxman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Edward J. Ozog, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In June of 1965 the defendant, Sherman Bickham, was indicted for the crimes of rape and taking indecent liberties with a child. The public defender was appointed to represent him. Subsequently, at the request of the defendant, the public defender was given leave to withdraw, and appointed counsel entered his appearance and represented him. On October 27, 1965, a jury found him guilty of indecent liberties with a child, and he was sentenced to serve 14 to 20 years in the penitentiary. On appeal in this court, the defendant contended that he did not receive a fair and impartial hearing, and that he was not proved guilty beyond a reasonable doubt. His conviction was affirmed (*People v. Bickham*, 91 Ill.App.2d 465, 235 N.E.2d 400 (1968)), and the Illinois Supreme Court denied his petition for leave to appeal. Defendant then sought Federal habeas corpus relief, but the matter was remitted to the State courts to exhaust State remedies.

On February 20, 1969, the defendant filed a *pro se* post-conviction petition in the circuit court, and the public defender was appointed to represent him. On March 18, 1970, a hearing was held on the State's motion to dismiss. During the proceedings, the public defender explained the gravamen of the allegations in the petition. In essence, it charged that Mrs. Mildred Bland, the mother of the prosecuting witness, had committed perjury at his trial, and that the defendant's conviction was a product of this perjured testimony. The public defender stated that he had an affidavit from Mrs. Bland in which she admitted to having given false testimony. The court inquired as to whether the affidavit was available at trial, and counsel replied that it was not. He further stated that he spoke to the appeal lawyers, and they advised him that they could not use it because it was outside the record. At the conclusion of oral argument, the trial judge dismissed the defendant's *pro se* petition without an evidentiary hearing. The defendant appealed to our supreme court, and the State confessed error in the summary dismissal of the defendant's post-conviction petition. On June 21, 1971, the Supreme Court reversed the dismissal order and remanded the cause for further proceedings. New counsel other than the public defender was appointed at the request of the defendant.

On August 30, 1971, defendant filed an amended post-conviction petition in which he alleged that his conviction was based on the State's "knowing use" of perjured testimony of Mrs. Bland. An evidentiary hearing was conducted, and the petition was dismissed on the merits. Notice of appeal was timely filed, but in December of 1972 the cause was dismissed in this court for want of prosecution. We subsequently reinstated the cause on our docket and present counsel was appointed to represent defendant. On January 23, 1974, the defendant filed his brief to-

gether with a motion to file a second amended post-conviction petition to conform to the evidence heard in the trial court. Defendant contends that the plead'ngs before the trial court alleged solely that his conviction was secured by the "knowing use" of perjured testimony, and that his second amended petition involves a d.fferent matter—the "unknowing use" of perjured testimony. He further asserts that his second amended petition conforms to the evidence, and that it sets forth a constitutional deprivation cognizable under the Post Conviction Hearing Act.

In his second amended petition, defendant contends that he is entitled to a new trial because (1) Mrs. Bland, the mother of the prosecuting witness, gave perjured testimony at his trial; (2) the perjured testimony was material to his conviction; (3) defendant's attorney had in his possession an affidavit executed by Mrs. Bland in which she confessed to this perjury; and (4) through the negligence of defendant's counsel, he was effectively barred from asserting the affidavit as a ground for section 72 relief (Ill. Rev. Stat. 1971, ch. 110, par. 72), since the statutory 2-year period for filing had lapsed. Defendant argues that the failure to file a section 72 petition is of particular importance in this instance, since it is the only appropriate vehicle by which to obtain relief from an unrighteous judgment based on the "unknowing use" of perjured testimony. (*People v. Lewis*, 22 Ill.2d 68.) Defendant further urges that we exercise our power under Supreme Court Rule 366(a)(5) to vacate outright his conviction in light of the exceptional circumstances of this case.

The State contends that (1) the defendant failed to prove that Mrs. Bland committed perjury; (2) the "unknowing use" of perjured testimony is not a Fourteenth Amendment violation sufficient to support a post-conviction petition; (3) the deprivation of the right to file a section 72 petition is not a constitutional infringement cognizable under the Post Conviction Hearing Act; and (4) defendant waived his right to contest incompetency of counsel by failing to raise the issue in his first amended post-conviction petition, and should not be allowed to raise this question here for the first time.

The thrust of defendant's argument is that he is entitled to relief because his conviction is the product of perjured testimony. We note from the record that in the trial of this cause, Mrs. Bland first testified as a witness for the State. On direct, she said that she resided with her two daughters, one of whom was Doris, the complaining witness. Doris was 15 years of age. The defendant was her boyfriend. She was not home at the time her daughter was allegedly raped by the defendant. On cross-examination Mrs. Bland explained that she was engaged to the defendant and had his ring. The defendant came to her house on weekends and often slept there. They frequently engaged in sexual intercourse. De-

fense counsel, at the conclusion of his examination of Mrs. Bland, requested leave to call her again as a witness. Subsequently, she was recalled as a witness for the defense. She testified that her daughter, Doris, told her that she got rid of the defendant, and that she hated him and would do anything to put him away. On cross-examination by the State, she further testified that her daughter hated the defendant because he chased her teenage companions out of the house late at night. She also tore up defendant's picture and broke a record player he bought for Mrs. Bland. The following day, Mrs. Bland was called by the State as a rebuttal witness. She testified that her previous statements, concerning her daughter's wanting to put the defendant away, were not true. She further testified that she wished to change her testimony. She explained that defendant used to beat her up, and that her fear of defendant caused her to make those statements about her daughter. She also stated that he drank and needed medical treatment, and that he might kill her daughter.

The State stresses that defendant waived his right to assert before us the matter of incompetency of counsel by failing to raise the issue in his first amended post-conviction petition. While there is substance to this argument, we nevertheless prefer to decide this cause on the merits.

The record reveals that on December 1, 1971, a full evidentiary hearing was held on the matters raised in both the post-conviction petition and the first amended petition. In response to questioning by defense counsel, Mrs. Bland testified that in June following the defendant's conviction, she had visited the defendant in the penitentiary. He threatened to kill her and her daughter if she did not sign an affidavit. Accordingly, on December 28, 1965, Mrs. Bland executed an affidavit which provides in pertinent part as follows:

"6. Much of my testimony that day was not true. I gave false evidence because Officer Johnny Cross of the Grand Crossing Police Station had shown me Mr. Bickham's long criminal record. Officer Cross told me that if the defendant did not receive treatment he would harm my daughter, Doris, and myself. Officer Cross also told me that if the defendant were convicted that he would be sent away for two or three years to be cured of his alcoholism. As a result of my fear of the defendant, Sherman Bickham, and because I wanted the defendant to be cured of his alcoholism, I gave substantially false testimony so that Mr. Bickham would be sent away for a cure."

At the post-conviction hearing, Mrs. Bland admitted that Officer John Cross showed her a criminal record which indicated that the defendant "raped a girl when he was 15." However, she stated that this did not cause her to change her testimony since she was already aware of the

prior conviction. She firmly maintained that her decision to change her testimony at trial was entirely her own, and that no one had influenced her in making this determination. Mrs. Bland further explained that she testified on behalf of the defendant in the first instance only because she was deathly afraid of him since he had tried to kill her on three occasions. She unambiguously denounced the affidavit as a lie, claiming that it, too, was a product of her fear. In fact, Mrs. Bland stated that she never read the affidavit and did not know what she was signing. She also produced a letter from the defendant dated November 7, 1971, which was 1 month prior to the post-conviction hearing. The defendant wrote, "This is the cross-road, Mildred. If you fail to live up to these circumstances, I promise you, Mildred, you will regret it. This is your last last chance." She said that she had received other threatening letters, but had destroyed them.

Officer John Cross was called as a State's witness, and he substantiated the remarks of Mrs. Bland. He testified that he drove Mrs. Bland to court, and they talked about the case. Office Cross denied having told her that if the defendant did not receive treatment, he would harm her daughter or that if he were sent away he would be cured of his alcoholism. He maintained instead that Mrs. Bland initiated the conversation. She told him that the defendant was crazy and that she wanted him committed so that he would be put away to get treatment.

While defendant claims before us now a constitutional infringement based on incompetency of counsel for failure to file a section 72 petition, it cannot be denied that the contention is predicated upon a charge of perjury; and regardless of the ultimate form in which the issue is presented to us, if the matter of false testimony be not proved, then defendant is not entitled to relief.

As we view the record, the State produced Mrs. Bland solely to establish the age of her daughter, the complaining witness. Subsequently, the defense called Mrs. Bland in order to prove that her daughter had a motive in accusing the defendant of the alleged crimes. She so testified, but when recalled by the State, she recanted this testimony as being coerced by defendant's threats. At the post-conviction hearing she again asserted an acute fear of the defendant and claimed that the statements in her affidavit were false and were the product of this fear. Thus, the question of whether Mrs. Bland perjured herself was placed squarely before the court at the hearing on defendant's post-conviction petition.

■■ Recanting testimony is regarded as very unreliable, especially where the recantation involves a confession of perjury. (*People v. Marquis*, 344 Ill. 261.) Accordingly, the courts require that the defendant bear the burden of showing the use of perjured testimony at his trial. (*People v.*

*Bracey,* 51 Ill.2d 514.) At the conclusion of defendant's post-conviction hearing, the court observed that Mrs. Bland was an extremely tense and emotional woman, and yet "she  \*  \*  \*  has deliberately and with care and with response to the questions stated number one, no one in the State's Attorney's Office influenced her in any way in giving the testimony that she did at trial." Additionally, the trial judge was impressed favorably by the testimony of Officer Cross, and noted in particular that he had no special motive to suggest to Mrs. Bland how she should testify. Finally, he concluded that the affidavit utilized a type of terminology and expression with which Mrs. Bland is not acquainted. On the basis of the evidence and with particular regard to these observations, the trial judge concluded that the statements in the affidavit were false. Therefore, the petition was denied.

The credibility of the testimony in a post-conviction case is a matter for the trial judge to determine, and unless the determination by the trial judge is manifestly erroneous, it will be upheld. (*People v. Alden,* 15 Ill.2d 498.) We have carefully examined the record and find no reason to interfere with the court's decision. Whether defendant's appointed appellate counsel could have obtained an evidentiary hearing on a section 72 petition is of no import here since defendant did in fact receive a full hearing on his post-conviction petition. Thus, although the procedure differed, the result was the same. Under the circumstances, we hold that defendant had not been prejudiced by the failure of his counsel to act on Mrs. Bland's affidavit.

For the foregoing reasons the dismissal of the post-conviction petition is affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.