THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD HOOD, Defendant-Appellant.

Third District   No. 76-112

Opinion filed January 24, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After an evidentiary hearing, the circuit court of Rock Island County denied the petition of Ronald Hood for post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*). The principal allegation of the petition as supported by an affidavit was that the People's rebuttal witness was guilty of perjury and hence the petitioner was deprived of due process of law.

Defendant Hood was convicted in June 1971 of the offenses of rape, indecent liberties with a child and aggravated assault. The convictions for rape and indecent liberties were affirmed by this court in *People v. Hood*, 11 Ill. App. 3d 329, 296 N.E.2d 393, and on further appeal to the supreme court in *People v. Hood*, 59 Ill. 2d 315, 319 N.E.2d 802.

Sometime after the defendant's direct appeal had become final, he

commenced this post-conviction proceeding seeking a new trial on account of alleged unconstitutional conduct. According to the petition, it was claimed that Robert Schild had committed perjury, a claim which Schild supported in his attached affidavit. At the first trial, which resulted in a mistrial because the jury was unable to agree on a verdict, Schild testified in support of Hood's claim of alibi. In the second trial Hood also asserted the defense of alibi and testified about his alibi. However, at the second trial Schild did not testify for Hood, but in fact was called by the People as a rebuttal witness refuting Hood's alibi evidence and in fact testified contrary to his testimony in the first trial. As a reason for his testimony at the second trial, Schild claims that he was compelled to testify in the manner he did because the State's Attorney had made threats and had employed other coercive tactics to secure a change in Schild's testimony. At the hearing on the petition the People introduced the testimony of Schild's father and the Assistant State's Attorney who had prosecuted Hood. The prosecutor denied categorically any of the charges described in the petition and the defendant's father testified that his son had never made any claim of threats or coercion designed to promote a change in his testimony.

After hearing the evidence the trial court denied the petition. In so doing it is undisputed that the trial court did not make any determination of the underlying factual dispute, *i.e.*, whether Schild had or had not committed perjury. Rather, the trial judge took the position, as expressed in his oral reasons for denying the petition, that even if the perjury had occurred, the nature of the misconduct and its attendant consequences was insufficient to show unconstitutional conduct requiring a new trial. During his oral remarks in which the trial court indicated reasons for its order, the court held the defense had not met its burden of establishing that a different result would likely obtain upon retrial.

■■ On this appeal the defendant urges that the trial court applied an erroneous standard in the determination of what the defendant was required to prove.

In *People v. Bracey*, 51 Ill. 2d 514, 283 N.E.2d 685, the court reviewed the standard to be applied in determining whether constitutional improprieties were so significant so as to require a new trial. The court reviewed its prior holdings in *People v. Ostrand*, 35 Ill. 2d 520, 221 N.E.2d 499, and *People v. Lewis*, 22 Ill. 2d 68, 174 N.E.2d 197, and concluded that the holdings in *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, and *Fahy v. Connecticut*, 375 U.S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229, at least required a different expression of the standard and a different emphasis, even though the court was not convinced that an entirely new or different standard was being applied. As observed in *Bracey*, "Once the condemned use of perjured testimony has been established, *Chapman*

dictated that the burden then be placed on the State to establish beyond a reasonable doubt that the perjured testimony did not contribute to the conviction." (*People v. Bracey*, 51 Ill. 2d 514, 520, 283 N.E.2d 685, 690.) Although the opinion in *Bracey* discusses the application of the *Chapman* standard, the court affirmed the trial court's action dismissing the petition because the trial judge had found the defendant had failed to prove there was any perjured testimony and in any event, the judge had not taken such testimony into account during the previous bench trial at which the defendant was found guilty.

On this appeal the People acknowledge that the language employed by the trial court is not in accord with the rule as enunciated in the *Bracey* case, but suggests that although the language was inept, the trial court did not intend to apply a different standard and in any event, the defendant waived any objection thereto.

In our opinion the trial court did apply a standard contrary to that announced in *People v. Bracey*, 51 Ill. 2d 514, 283 N.E.2d 685, and since the court did not make any determination of the existence of perjury, we believe the court erred. We likewise believe that the trial court's error was not waived by the defendant since under the circumstances we fail to see what the defendant should have done differently.

The question remains as to the type of relief which should be fashioned under the circumstances, it being the People's contention a remandment without further hearing would be sufficient for the trial court to reconsider the evidence and make appropriate determinations based on the application of the proper rule. On the other hand, the defendant urges that the evidence was presented quite some time ago and that a reconsideration of that evidence would not fairly remedy the error complained of. In this connection we note that although the parties in their briefs have argued at some length on the issue of whether Schild did or did not commit perjury, they do so merely as a foundation in this court and both parties generally concede this court should not make any factual determination on the issue of perjury.

■■ Under the circumstances of this case, we believe it would be the better practice for the trial court to conduct a new evidentiary hearing, since a review of the testimony primarily from the record would seem inadequate to form a basis for a new decision. Accordingly, the judgment of the circuit court of Rock Island County is reversed and this cause is remanded with directions that the defendant be granted a new hearing on his post-conviction petition.

Judgment reversed and remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.